IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICO LAMONT BIAS,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Crim. No. ELH-12-528
Related Civil No. ELH-15-221

**MEMORANDUM**

This Memorandum resolves a motion to vacate filed by petitioner Rico Bias, pursuant to 28 U.S.C. § 2255. ECF 186. Several supplements have since been filed. *See* ECF 212; ECF 218; ECF 223. I shall refer to the submissions collectively as the "Petition."[1] The government opposes the Petition. ECF 230; ECF 252. Mr. Bias has replied. ECF 248; ECF 256.

Mr. Bias has also submitted numerous other filings. *See* ECF 198; ECF 215; ECF 220; ECF 231; ECF 248; ECF 250; ECF 253; ECF 257. And, he has filed a motion for compassionate release. *See* ECF 259. This Memorandum addresses only the Petition.

The Petition is rooted in Bias's participation in twenty-two robberies in 2012. *See* ECF 67 at 10-20. In February 2013, Bias tendered guilty pleas to the crimes of conspiracy to interfere with commerce by robbery ("Hobbs Act Robbery"), under 18 U.S.C. § 1951(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) and § 2 (aiding and abetting). *See* ECF 63; ECF 67; ECF 68. The Court sentenced Bias on November 26, 2013 (ECF 105) to a total term of 185 months' incarceration. ECF 106; ECF 107.

---

[1] This is Mr. Bias's second post-conviction petition. *See* ECF 130; ECF 130-1. I denied the first petition in a Memorandum Opinion (ECF 151) and Order (ECF 152) of July 8, 2015. However, by Order of May 19, 2016, the Fourth Circuit authorized a successive petition, in light of *Johnson v. United States*, 576 U.S. 591 (2015). *See* ECF 185; ECF 185-1.

## I.     Factual and Procedural Summary

On October 4, 2012, Rico Bias and two others were indicted on multiple charges relating to twenty-two robberies. ECF 22. In particular, Bias was charged in Count One with Hobbs Act conspiracy under 18 U.S.C. § 1951, pertaining to the period between January 22, 2012 and June 11, 2012. In Count Two, he was charged with the robbery on June 11, 2012, of a Wendy's restaurant and two customers, in violation of 18 U.S.C. §§ 1951, 2. In Count Three, Bias was charged with conspiracy to possess firearms in furtherance of crimes of violence, *i.e.*, robbery, in violation of 18 U.S.C. §§ 924(c). Count Four charged Bias with brandishing and discharging a firearm on June 11, 2012, in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2. And, in Count Six, Bias was charged with unlawful possession of a firearm (a Smith & Wesson revolver) by a convicted felon, in violation of 18 U.S.C. §§ 922(g).

On February 25, 2013, Bias entered guilty pleas to two counts: conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four). *See* ECF 63; ECF 67; ECF 68. Notably, Count Four specified two crimes of violence: conspiracy to commit robbery (Count One) and Hobbs Act Robbery (Count Two).

The guilty plea was entered pursuant to a Plea Agreement. ECF 67. A lengthy Statement of Facts was appended to the Plea Agreement as Attachment A, setting forth a rather strong case against the defendants. ECF 67 at 10-20. The Statement of Facts outlined twenty-two armed robberies committed by Bias and his co-defendants during the period from January 2012 to June 2012. Bias admitted to the commission of all of the robberies. ECF 67, ¶ 6; *see also* ECF 146 (Transcript of Rearraignment) at 39-40. Further, the Statement of Facts in the Plea Agreement

reflected that a firearm was brandished by Bias's co-defendant, Hatratico Smith, during the robberies. ECF 67 at 20. Moreover, Smith discharged the weapon on two occasions. ECF 67 at 10. And, during the robbery of a Royal Farms Store on February 21, 2012, Smith shot a customer in the abdomen. *Id.* at 10, 13-14. Bias generally drove the getaway car. *Id.* at 14.

By statute, Count One carries a maximum sentence of 20 years' incarceration. Count Four carries a maximum sentence of life imprisonment and a mandatory minimum term of seven years' imprisonment, consecutive to any other sentence. Paragraph 11 of the Plea Agreement is titled "Waiver of Appeal." There, Bias waived most of his appellate rights. However, he reserved the right to appeal any sentence to the extent it exceeded the guideline range for incarceration for an offense level of 29, plus seven years. Under the Plea Agreement, the government agreed to recommend a sentence within the advisory range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.")

The Amended Presentence Report ("PSR," ECF 109) took into account all twenty-two robberies in calculating the Guidelines. *See id.* ¶ 42; U.S.S.G. § 1B1.2(c). The parties agreed that, after deductions for acceptance of responsibility, Bias had a final offense level of 31 and a Criminal History Category of III. ECF 147 (Tr.) at 9; *see also* ECF 109, ¶¶ 207; 219.

Under the Guidelines, Count One called for a sentence ranging between 135 and 168 months of imprisonment. And, Count Four required a sentence of 84 months, consecutive. *Id.* ¶¶ 230, 234; *see also* ECF 107 (Statement of Reasons). Therefore, the Guidelines called for a combined, total sentence of imprisonment for Counts One and Four ranging between 219 and 252 months. *Id.* ¶ 230.

At sentencing on November 26, 2013 (ECF 105), the Court imposed a term of 101 months' incarceration for Count One and the congressionally mandated minimum sentence of 84

months, consecutive, for Count Four. Thus, Bias received a total sentence of 185 months' incarceration. ECF 106 (Judgment). That sentence was well below the bottom of the Guidelines.

On May 19, 2016, through the office of the Federal Public Defender ("FPD"), Bias filed a motion to vacate his conviction under 28 U.S.C. § 2255. ECF 186. He argued, *inter alia*, that the offense of conspiracy to commit Hobbs Act robbery categorically fails to qualify as a "crime of violence." Therefore, Bias claimed that he is "innocent of the § 924(c) offense, and his conviction is invalid." *Id.* at 1. The Petition (ECF 186) was stayed for a considerable period. *See* ECF 194; ECF 200; ECF 201.

The FPD subsequently moved to withdraw from the case. ECF 232. I granted that motion by Order of April 28, 2020. ECF 233. Thereafter, Mr. Bias moved for appointment of counsel. ECF 247.

## II. Discussion

### A.

As noted, Mr. Bias asks the Court to appoint a lawyer for him, because the FPD withdrew from the case. The Court is unaware of any statutory or constitutional requirement for the appointment of counsel in this case. Nor is there a Sixth Amendment right to counsel in collateral proceedings. *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987).

It is equally evident that Bias is quite capable of expressing his position, without the continued assistance of counsel. He has submitted numerous filings, reflecting his capacity to express his arguments. Therefore, I shall deny the request.

**B.**

The grounds for collateral relief under 28 U.S.C. § 2255 are narrower than those for relief on direct appeal. A motion under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Pursuant to § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Notably, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case. No hearing is necessary.

As noted, Bias filed his Petition in 2016, pursuant to the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). ECF 186. In *Johnson*, the Supreme Court ruled

that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.*

Bias also filed a supplement to his Petition on March 29, 2019, citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See* ECF 212. In *Dimaya*, the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Dimaya*, 138 S. Ct. at 1210. Petitioner asked the Court to hold his case in abeyance, pending the outcome of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). ECF 212.

On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2334. However, the Fourth Circuit subsequently ruled that Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), still qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019).

Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" in "furtherance of any such crime" is subject to conviction for the underlying crime of violence as well as for the firearm offense. *United States v. Taylor*, ___ F.3d ___, 2020 WL 6053317 at *2 (4th Cir. Oct. 14, 2020); *see* 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing

the offense." Subsection (A) of 18 U.S.C. § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

As noted, in the recent case of *United States v. Davis*, 139 S. Ct. 2319, the Supreme Court ruled that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. *See id.* at 2336. However, as indicated, Petitioner's § 924(c) conviction was not predicated on the residual clause. Rather, it was predicated on his Hobbs Act Robbery offense in Count Two. And, that offense does not implicate the residual clause.

The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce … by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

In *Mathis*, 932 F.3d at 266, the Fourth Circuit determined that Hobbs Act Robbery "categorically" qualifies as a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A). *See Taylor*, 2020 WL 6053317, at *3. The *Mathis* Court relied on its prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and concluded that Hobbs Act Robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266. But *see Taylor* (concluding that *attempted* robbery is not a crime of violence).

Clearly, the Hobbs Act Robbery charged in Count Two of the Indictment qualifies as a crime of violence under the force clause. The conviction under Count Four, pursuant to 18 U.S.C. § 924(c), was predicated on the crime in Count Two. Thus, Count Four remains valid.

## C.

In his *pro se* submissions, Bias asserts that (1) his sentence is invalid in light of *Alleyne v. United States*, 570 U.S. 99 (2013) and (2) his conviction under 18 U.S.C. § 924(c) is invalid because the offense was predicated on a count of the indictment, Count Two, that was dismissed as part of the Plea Agreement.

As indicated, this is Bias's second post-conviction petition. Bias obtained permission from the Fourth Circuit, through counsel, to file a successive § 2255 motion based on *Johnson v. United States*, 576 U.S. 591 (2015). *See* ECF 185; ECF 185-1. The Order (ECF 185) expressly provided: "Bias has made a prima facie showing that a new rule of constitutional law in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to his case." But, as the government observes, "nothing in the Fourth Circuit's authorization permitted additional non-*Johnson* claims." ECF 230 at 3.

Under 28 U.S.C. § 2255(h), there are requirements for a petitioner to assert a second or successive 2255 motion:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The provision incorporates the requirements of 28 U.S.C. § 2244, which establishes the procedures under which a petitioner may secure approval for a second or successive motion under the statute: a petitioner must secure permission from the court of appeals to make such a filing, and a three-judge panel of the appellate court decides whether to grant such permission. 28 U.S.C. § 2244(b)(3)(A). The court of appeals should grant such permission only if it determines that the petitioner has made a prima facie showing that his claim satisfies the requirements for a successive motion, *i.e.*, a claim of actual innocence based on new evidence or a claim based on a new rule of constitutional law made retroactively applicable on collateral review by the Supreme Court. *Id*.

Even if the court of appeals has granted such permission, the district court must dismiss any subsequently filed § 2255 claim that does not satisfy the successive requirements. Section 2244(6)(4) of 28 U.S.C. provides: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

In this case, Bias's non-*Johnson* claims do not satisfy the requirements outlined above. As discussed, Bias claims that he was sentenced in violation of the Supreme Court's decision in *Alleyne v. United States*, 590 U.S. 99 (2013), and that his § 924(c) conviction is invalid because it was based on a predicate offense that was dismissed pursuant to the Plea Agreement. These complaints are not based on new constitutional law, made retroactively applicable on collateral review, or founded on newly discovered evidence.

In any event, there is no violation in this case under *Alleyne*, 570 U.S. 99 (2013). *Alleyne* requires that allegations supporting a mandatory minimum term of imprisonment must be alleged in an indictment, and either admitted by a defendant at a guilty plea or found by a jury at trial.

*Id.* at 108.  In this case, the only mandatory minimum sentence at issue was the seven-year mandatory minimum provided by 18 U.S.C. § 924(c)(1)(A)(ii) if a firearm was "brandished" in connection with the §924(c) offense.  As required by *Alleyne*, the allegations supporting that mandatory minimum sentence were alleged in the indictment (ECF 22 at 5, Count Four, alleging that defendants did "brandish" a firearm), and Bias admitted to the offense in his Plea Agreement.  ECF 230-1 (Plea Agreement) ¶¶ 2, 3 setting forth elements to be proven, including that a firearm was "brandished"); *id.* at 9 (factual stipulation stating that accomplice "brandished" and "pointed" firearm during offense).

Moreover, at Bias's guilty plea on February 25, 2013, he was placed under oath. *See* ECF 146 (Tr.) at 2.  The government referenced the statement of facts in support of the Plea Agreement and then orally presented a factual summary.  *Id.* at 35-39.  The government stated, *inter alia*, that the firearm was brandished during each of the twenty-two robberies.  *Id.* at 39.  At the end of the factual summary, the Court asked the defendant if the government presented an accurate summary of the facts in the case.  *Id.*  He responded, "Yes, ma'am."  *Id.* at 40.  The Court also asked, *id.*: "Did you, in fact, commit the crimes as summarized by the government?"  Again, the defendant responded in the affirmative.  *Id.*

Further, petitioner contends that his § 924(c) conviction (Count Four) is invalid because it was predicated on an offense (the Hobbs Act Robbery charged in Count Two) that was later dismissed.  Essentially, the petitioner takes the position that a §924(c) conviction must be based on a predicate offense that is also the subject of a conviction.  He is wrong.

Notably, "a defendant's conviction under § 924(c) 'does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.'"  *United States v.*

*Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) (quoting *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997)). Petitioner admitted that he participated in the robbery of the Wendy's restaurant on June 11, 2012, as the getaway driver and a firearm was used by an accomplice to commit the robbery. Petitioner admitted that he acted as a getaway driver during the robbery; that his accomplices brandished a firearm and pointed a firearm at victims; and that the accomplices demanded money, jumped a counter, and took money during the robbery. *Id.* Those admissions established a Hobbs Act Robbery. Therefore, the predicate offense element of the § 924(c) offense charged in Court Four was satisfied.

It is of no moment that petitioner did not plead guilty to Count Two. The only relevant consideration is that the petitioner admitted to the commission of Hobbs Act Robbery and that he admitted to the brandishing of a firearm in connection with that robbery.

### III. Conclusion

The Hobbs Act Robbery charged in Count Two of the Indictment qualifies as a crime of violence under the force clause. It was the predicate offense with respect to defendant's § 924(c) conviction in Count Four. Thus, the conviction for Count Four remains valid. Because there is no basis for collateral review under § 2255, I shall deny the Petition.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a Certificate of Appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words,

unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[2]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.

Date:   October 22, 2020                    /s/
                                            Ellen Lipton Hollander
                                            United States District Judge

---

[2] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the Fourth Circuit.